## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **GINA ALOISE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civ. No. 12-00897-LPS** |
| | : | |
| **GIANT OF MARYLAND, LLC, t/a** | : | |
| **GIANT #0387,** | : | |
| | : | |
| **Defendant.** | : | |

---

### MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion to Remand to the Superior Court of

Delaware.  (D.I. 3) ("Motion")  For the reasons set forth below, the Court will deny the Motion.

### I.     BACKGROUND

On May 31, 2012, plaintiff Gina Aloise ("Plaintiff"), a citizen of Delaware, filed a civil

action against defendant Giant of Maryland, LLC ("Defendant"), in the Superior Court of

Delaware.  (*See* D.I. 1 at 8-9)  In her complaint, Plaintiff alleges that she slipped and fell on

Defendant's property in Rehoboth, Delaware; she claims that Defendant was negligent and,

consequently, liable for her resulting injuries.  (*See id.*)  On July 16, 2012, Defendant filed a

notice of removal in the United States District Court for the District of Delaware, contending this

Court has subject matter jurisdiction based on diversity of citizenship.  (*See id.* at 1-4) (citing 28

U.S.C. §§ 1441 and 1332)  On August 10, 2012, Plaintiff filed the Motion, arguing that there is

no diversity of citizenship between the parties and that Defendant has not shown that the amount

1

in controversy exceeds the $75,000 jurisdictional threshold.[1]  (*See* D.I. 3)

## II.    LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1441, defendants in state court proceedings may have the right to

remove those cases to federal court if, based upon the face of the filed pleadings, subject matter

jurisdiction would have existed in federal court for the plaintiff's claims.  Where federal subject

matter jurisdiction is based on diversity, there must be both complete diversity of the parties and

the requisite jurisdictional amount of at least $75,000.  *See* 28 U.S.C. § 1332.

With respect to diversity, a case "may not be removed if any of the parties in interest

properly joined and served as defendants is a citizen of the State in which such action is

brought."  28 U.S.C. § 1441(b).  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed

to be a citizen of every State and foreign state by which it has been incorporated and of the State

or foreign state where it has its principal place of business . . . ."  "[T]he citizenship of an LLC

[that is, a limited liability company] is determined by the citizenship of each of its members."

*Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d. Cir. 2010).

With respect to amount in controversy, on a motion to remand "[i]t must appear to a legal

certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  *St.*

*Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).  Generally, the amount in

controversy is determined by the complaint itself.  *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S.

348, 353 (1961).  Where the amount in controversy is ambiguous in the pleadings, the court must

---

[1]Plaintiff additionally argues in her Motion that Defendant's notice of removal was
untimely.  (*See* D.I. 3)  However, Defendant filed its notice on July 16, 2012, which was the next
business day following the 30th day after the complaint was served on June 14, 2012.  *See* 28
U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

2

conduct its own independent appraisal of the allegations to determine whether the value of claims

exceeds the jurisdictional amount. *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

"The amount in controversy is not measured by the low end of an open-ended claim, but rather

by a reasonable reading of the value of the rights being litigated." *Id.* A defendant "seeking

removal has the burden of showing by a preponderance of the evidence that the amount in

controversy exceeds the jurisdictional amount." *Rudolph v. Taylor*, 2004 WL 51270, at *1 (D.

Del. Jan. 5, 2004). "In other words, it must be more likely than not that the amount in

controversy will be $75,000 or greater." *Id.*

## III.   DISCUSSION

Here, complete diversity of citizenship exists. Plaintiff is a citizen of Delaware. (*See* D.I.

1 at 8) Defendant is a Maryland LLC. (*See* D.I. 9 at 1) To determine its citizenship, the Court

looks to the citizenship of Giant Food, LLC ("Giant"), which is the sole member of Defendant.

(*See* D.I. 9-1) Ahold U.S.A., Inc. ("Ahold") is the sole member of Giant. (*See id.*) Ahold is a

Maryland corporation with principal places of business in Pennsylvania and Massachusetts. (*See*

*id.*) Therefore, Ahold is a citizen of Maryland, Pennsylvania, and/or Massachusetts, and the

citizenship of Defendant is the same. Hence, complete diversity is present, as Plaintiff is a

citizen of Delaware while Defendant is a citizen of Maryland, Pennsylvania, and/or

Massachusetts.

The Court further concludes that the amount in controversy more likely than not exceeds

the jurisdictional threshold of $75,000. In her complaint, Plaintiff prays for an indeterminate

amount of damages. (*See* D.I. 1 at 9) Plaintiff alleges that, as a result of Defendant's negligence,

she has "suffered, is suffering, and will continue to suffer from painful, permanent, and disabling

3

injuries of the body and/or mind, including, but not limited to her tailbone, back, neck, hips, and head." (*Id.*) Plaintiff further alleges that she "has incurred substantial medical expenses, and will continue to suffer the same for an indefinite time in the future." (*Id.*) She seeks by her lawsuit "compensatory damages, plus interest and costs of this action." (*Id.*) Having undertaken an independent appraisal of these allegations, it is far from "a legal certainty" that Plaintiff's claims are for less than $75,000. Even Plaintiff acknowledges in the briefing supporting her Motion that the value of her claim "may or may not" exceed $75,000. (*See* D.I. 3 at 2) Hence, the Court concludes that it is more likely than not that the amount in controversy exceeds $75,000.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand to the Superior Court of Delaware (D.I. 3) is **DENIED**.

March 26, 2013                                        UNITED STATES DISTRICT JUDGE

4